UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCHLABACH,<br><br>        Plaintiff,<br><br>        v.<br><br>INTERNAL REVENUE SERVICE,<br><br>        Defendant. | No. CV-09-298-FVS<br><br>ORDER DISMISSING ACTION<br>FOR LACK OF SUBJECT<br>MATTER JURISDICTION |

**THIS MATTER** comes before the Court without oral argument based upon the Internal Revenue Service's motion to dismiss. Defendant Internal Revenue Service is represented by Christopher J. Williamson. Plaintiff John Schlabach is representing himself.

**BACKGROUND**

The Internal Revenue Service ("IRS") petitioned for an order requiring John Schlabach to comply with an administrative summons. The IRS's petition was docketed as CV-08-95-FVS. Mr. Schlabach objected. The Court overruled his objections and ordered him to comply. During roughly the same period of time, he learned the IRS possesses a letter that allegedly concerns him. The letter is dated April 16, 2001. It is addressed to "a Mrs. Norwich." Mr. Schlabach's name is on the top of the letter. Apparently, the letter purports to provide tax advice. Mr. Schlabach denies he wrote the letter. He is concerned the letter has played a part in the IRS's decision to

ORDER - 1

investigate him. As a result, he requested the IRS pursuant the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.*, to remove the letter from his file. The IRS refused. Given the IRS's response, he filed the instant action. He asks the Court to order the IRS to expunge the letter from his file. The IRS moves to dismiss. To begin with, the IRS alleges the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). In the alternative, the IRS alleges Mr. Schlabach has filed to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

**RULING**

Under the Privacy Act, there are certain situations in which an individual may obtain judicial review of an agency's refusal to amend records that contain information pertaining to the individual. *See, e.g., England v. Commissioner*, 798 F.2d 350, 351 (9th Cir.1986). However, Congress has "limited the applicability of the Privacy Act's remedial provisions with regard to records maintained by the IRS." *Id.* The relevant statute is 26 U.S.C. § 7852(e), which states:

> The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

In view of 26 U.S.C. § 7852(e), the Ninth Circuit has concluded a District Court "is without jurisdiction over a civil action by an individual who seeks to amend a record determining actual or possible tax liability." *England*, 752 F.2d at 352.

ORDER - 2

Mr. Schlabach acknowledges the preceding authorities. However, he argues they are not controlling. According to him, the disputed letter is a forgery and, thus, not a record that the IRS may rely upon to determine tax liability. He asks the Court to defer ruling upon the IRS's motion to dismiss until he has an opportunity to conduct discovery. He hopes to uncover evidence demonstrating the letter is a forgery.

While ingenious, Mr. Schlabach's arguments are unpersuasive. It is the IRS's responsibility, not the Court's, to decide which documents to retain during the course of an investigation. Mr. Schlabach's interpretation of 26 U.S.C. § 7852(e) would enable him to obtain judicial review of investigatory files. This is something Congress decided to foreclose by stripping District Courts of jurisdiction over disputes such as the one that exists between Mr. Schlabach and the IRS. Allowing Mr. Schlabach to conduct discovery will not change the outcome. Even if the letter is a forgery, it is a document the IRS has decided to retain during the course of its investigation. The Court lacks authority to review the IRS's decision.

**IT IS HEREBY ORDERED:**

1. Mr. Schlabach's motion for summary judgment (**Ct. Rec. 4**) is **denied.**

2. Mr. Schlabach's objection and motion to strike (**Ct. Rec. 11**) is **denied.**

3. Mr. Schlabach's motion to defer consideration (**Ct. Rec. 18**) is **denied.**

ORDER - 3

4. The Internal Revenue Service's motion to dismiss (**Ct. Rec. 7**) is **granted**. This action is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to Mr. Schlabach and to counsel for the Internal Revenue Service, and close the case.

**DATED** this ___2nd___ day of July, 2010.

                    s/ Fred Van Sickle
                      Fred Van Sickle
        Senior United States District Judge

ORDER - 4