UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCHLABACH,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE,<br><br>        Defendant. | No. CV-09-298-FVS<br><br>ORDER REQUESTING SUPPLEMENTAL DECLARATION AND MEMORANDUM |

**THIS MATTER** comes before the Court without oral argument based upon the plaintiff's motion for relief from the judgment, or, in the alternative, reconsideration. The plaintiff is representing himself. The defendant is represented by Christopher J. Williamson.

**BACKGROUND**

The Internal Revenue Service ("IRS") investigated John Schlabach. During the course of the investigation, he learned the IRS had placed four letters in the file. One letter is addressed to a "Susan-Marie: Norwich." Mr. Schlabach's name is somewhere on the signature page. The other three letters are signed by a "Susan-Marie: Norwich." Mr. Schlabach denies he wrote the letters or authorized anyone to sign his name to them. He asked the IRS to remove them from his file. The IRS refused. As a result, he filed an action pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.*, requesting the Court to order the

ORDER - 1

IRS to remove the letters from his file. The IRS moved to dismiss on the ground the Court lacks jurisdiction over the subject matter of the action. Fed.R.Civ.P. 12(b)(1). The IRS relied upon 26 U.S.C. § 7852(e), which states:

> The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

The Court granted the IRS's motion; stating in pertinent part:

> It is the IRS's responsibility, not the Court's, to decide which documents to retain **during the course of an investigation**. Mr. Schlabach's interpretation of 26 U.S.C. § 7852(e) would enable him to obtain judicial review of investigatory files. This is a contingency Congress plainly decided to foreclose by stripping District Courts of jurisdiction over disputes such as the one that exists between Mr. Schlabach and the IRS. Allowing Mr. Schlabach to conduct discovery will not change the outcome. Even if the letter is a forgery, it is a document the IRS has decided to retain **during the course of its investigation**. The Court lacks authority to review the IRS's decision.

(Order Dismissing Action (Ct. Rec. 23) at 3.) (Emphasis added.) Mr. Schlabach has filed a motion urging the Court to vacate its order, Fed.R.Civ.P. 60(b), or, in the alternative, reconsider the decision, Fed.R.Civ.P. 59(e). He again emphasizes he did not write the letters. As far as he is concerned, they are forgeries. He maintains that since the IRS did not rely upon the letters while processing his tax

ORDER - 2

returns or calculating his tax liability, the letters are not covered by 26 U.S.C. § 7852(e), and, thus, should not be in his file.

**STANDARD**

As the IRS points out, the only section of Rule 60(b) that even arguably applies is (b)(6), which provides a party may be granted relief from a judgment for "any other reason that justifies relief." However, Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.2006) (internal punctuation and citations omitted). Mr. Schlabach does not qualify for relief under Rule 60(b)(6) because, in essence, he is arguing the Court committed an error of law. The IRS concedes a district court may alter or amend a judgment if it "committed clear error or made an initial decision that was manifestly unjust." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

**RULING**

The Court's ruling was predicated upon the assumption the IRS's investigation of Mr. Schlabach was ongoing. As the Court viewed the case, the fundamental issue was whether Congress authorized district courts to determine which documents the IRS could retain during the course of an investigation. The Court thought not. Mr. Schlabach

ORDER - 3

alleges the IRS agent who placed the disputed letters in his file has completed her investigation.  Since, in Mr. Schlabach's opinion, the investigation is over, and since, in his opinion, there is no indication the agent relied upon the letters while processing his tax returns or calculating his tax liability, the IRS should remove the letters from his file.  The IRS does not appear to deny its agent has completed her investigation.  If this is so, the circumstance upon which the Court placed the most weight in dismissing Mr. Schlabach's action no longer exists.  If, in fact, the investigation is over, and if, in fact, the IRS agent did not rely upon the disputed letters, then 26 U.S.C. § 7852(e) may not apply.  However, since the Court cannot be sure given the record as it now stands, the Court requests the IRS to submit a supplemental declaration and memorandum explaining in greater detail why it needs to retain the disputed letters in Mr. Schlabach's file and why they are covered by § 7852(d).  The IRS may seek leave to file its supplemental declaration and memorandum under seal if they contain information that should not be disclosed to the public.

**IT IS HEREBY ORDERED:**

1. Within 14 days of entry of this order, the IRS shall submit a supplemental declaration and memorandum explaining in greater detail why it needs to retain the disputed letters in Mr. Schlabach's file and why they are covered by § 7852(d).

2. The Court reserves ruling upon Mr. Schlabach's "Rule 60 Motion

ORDER - 4

For Relief From Order Or Motion For Reconsideration" pending review of the supplemental materials requested by the Court.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order and furnish copies to Mr. Schlabach and to counsel for the Internal Revenue Service.

**DATED** this ___24th___ day of August, 2010.

                    s/ Fred Van Sickle
                    Fred Van Sickle
      Senior United States District Judge

ORDER - 5