UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| JOHN SCHLABACH,<br><br>                    Plaintiff,<br><br>          v.<br><br>INTERNAL REVENUE SERVICE,<br><br>                    Defendant. | No. CV-09-298-FVS<br><br>ORDER DENYING RECONSIDERATION |

**THIS MATTER** comes before the Court based upon Plaintiff John Schlabach's motion for reconsideration.  He is representing himself.  The Internal Revenue Service is represented by Christopher J. Williamson.

**BACKGROUND**

The Internal Revenue Service ("IRS") has commenced more than one investigation of John Schlabach.  During 2009, he learned the IRS has placed four letters in his file.  The letters allegedly relate to tax shelters.  He denies he wrote the letters or authorized anyone to send them on his behalf.  Consequently, he demanded the IRS remove the letters from his file.  When the IRS refused, he commenced an action pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.*  The IRS moved to dismiss his complaint on the ground Congress has stripped district courts of jurisdiction over Privacy Act claims such as his:

> The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be

ORDER - 1

applied, directly or indirectly, **to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax**, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

26 U.S.C. § 7852(e) (emphasis added). The Court agreed with the IRS and dismissed his complaint for lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). He filed a motion urging the Court to vacate its order, Fed.R.Civ.P. 60(b), or, in the alternative, reconsider the decision, Fed.R.Civ.P. 59(e). The Court invited the parties to supplement the record. They have done so. Among other things, the IRS has submitted a declaration from Kathryn S. Lopez, who is an IRS Revenue Agent. She alleges that, some years ago, she began investigating whether John Schlabach is liable for unpaid federal income tax and penalties. She alleges that, during the course of her investigation, she acquired the letters to which Mr. Schlabach takes exception. Finally, she alleges she has not completed her investigation. Mr. Schlabach challenges the accuracy of Agent Lopez's final allegation. As authority, he cites a declaration that Derik Hudson, another Revenue Agent, filed in the United States District Court for the Middle District of Louisiana. Agent Hudson declared the IRS has decided to close two investigations concerning Mr. Schlabach. Mr. Schlabach argues that since the IRS has closed its investigations, and since he has no connection to the disputed letters, the Court has jurisdiction over his complaint and should order the IRS to remove the disputed letters from his file. The IRS submits his argument is foreclosed by 26 U.S.C. § 7852(e). According to the IRS, there is no

ORDER - 2

language in the statute requiring the agency to purge its files once it completes an investigation.

**RULING**

The Court has entered a valid judgment.  Mr. Schlabach concedes the Court lacks a basis for vacating the judgment under Rule 60(b)(6). However, he urges the Court to alter or amend the judgment pursuant to Rule 59(e).  As the IRS points out, Mr. Schlabach may not use Rule 59(e) as a vehicle for rearguing issues the Court resolved against him prior to entering judgment.  Rather, in order to qualify for relief under Rule 59(e) (*i.e.*, in order to obtain reconsideration of the order), Mr. Schlabach must demonstrate the Court clearly erred; not just erred, but clearly erred.  *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (a district court may alter or amend a judgment if it "committed clear error").

The Court dismissed Mr. Schlabach's complaint because, in the Court's opinion, a district court lacks authority to determine which materials the IRS may retain during the course of an investigation regarding a taxpayer's potential liability.  Perhaps so, says Mr. Schlabach; but even assuming the Court is correct, he insists the IRS has completed its investigations of him.  He argues that, as a result, the Court owes no deference to the IRS.  The IRS disagrees.  It submits that once one of its agents retains a document as part of an investigation regarding a taxpayer's potential liability for unpaid taxes, district courts are forever barred by 26 U.S.C. § 7852(e) from reviewing the agency's decision to retain the document.  To date, the Ninth Circuit has not squarely addressed the issue.  Nevertheless,

ORDER - 3

there is some support for the IRS's position.  For one thing, § 7852(e) contains no language limiting the operation of the statute to ongoing investigations.  For another thing, the few decisions that exist tend to support the IRS's position.  *See, e.g., Ford v. United States*, 981 F.2d 1292 (9th Cir.1992) (**unpublished opinion**).  Admittedly, the authorities cited by the IRS are not overwhelming.  However, Mr. Schlabach has not demonstrated the IRS's interpretation of § 7852(e) is clearly erroneous.  Thus, if the Court erred in dismissing his complaint (a point the Court does not concede), the Court did not commit a clear error of law; and absent a clear error, reconsideration is unwarranted.  The Court will deny Mr. Schlabach's request for relief pursuant to Rule 59(e).

**IT IS HEREBY ORDERED:**

Plaintiff John Schlabach's motion to vacate, or, in the alternative, to reconsider (**Ct. Rec. 25**) is **denied**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Schlabach and to counsel for the defendant.

**DATED** this ___23rd___ day of September, 2010.

s/ Fred Van Sickle<br>Fred Van Sickle<br>Senior United States District Judge

ORDER - 4